Silvio **SMERIGLIO**, Plaintiff,

v.

**MADE-RITE BAKERY**, Inc., and Carl W. Page, Defendants.

Civ. No. 289.

United States District Court
E. D. North Carolina,
Elizabeth City Division.

May 3, 1956.

Ruark, Young & Moore, Raleigh, N. C., for plaintiff.

Battle, Winslow & Merrell, Rocky Mount, N. C., for defendants.

GILLIAM, District Judge.

This action is for damages to a truck belonging to plaintiff, sustained in a traffic accident involving the plaintiff's truck, a truck belonging to Made-Rite Bakery, Inc., a red tractor-trailer, a pick-up truck, and, perhaps, another vehicle. The parties are in agreement with respect to the involvement of the first four vehicles mentioned, but with respect to the fifth there is conflict in the evidence, the defendants claiming that there was this fifth vehicle which played an important part in the collision, plaintiff claiming the contrary. According to defendants, this fifth vehicle was proceeding in a generally west direction, as was also the truck of plaintiff and the truck of the defendant, Made-Rite Bakery, Inc. All agree that the red tractor-trailer and the pick-up truck were proceeding generally east, with the tractor-trailer ahead of the pick-up.

The version of plaintiff as to what occurred is this: The Made-Rite Bakery truck came up behind plaintiff's truck and undertook to pass without giving a warning (admittedly the truck of Made-Rite Bakery was not equipped with an adequate horn and no warning signal was sounded); plaintiff, seeing the driver of Made-Rite Bakery's truck would have difficulty in getting back to the right lane in time to avoid collision with the approaching tractor-trailer, applied his brakes, but the driver of the Made-Rite Bakery truck in the emergency cut sharp in front of him, and either struck plaintiff or "otherwise forced and crowded plaintiff's truck off * * * to its right, when (he), through no fault of his own, lost control of the truck * * * and the same came back onto the hard surface * * * when it overturned * * * and came into contact with" the pick-up truck which was following the tractor-trailer.

The defendants' version is this: The Made-Rite Bakery truck safely overtook and passed plaintiff's truck and another vehicle ahead of it (the disputed one); then the plaintiff attempted to overtake and pass the disputed vehicle, and being crowded by the oncoming tractor-trailer, "suddenly and recklessly cut back to his right behind the car he was attempting to pass, and cut so violently that he drove off the pavement to his right and onto the north shoulder, and then cut back to his left so suddenly, sharply and recklessly that he completely lost control of his truck, and it, careening on its right wheels, ran over the center line into the east bound lane of the highway where it came into collision with an east bound pick-up truck driven by one Calvin Swain."

The agency of the respective drivers is admitted and it also admitted that the amount of plaintiff's damages should be fixed at $3,619.

■■ The evidence satisfies me that there was no actual contact of plaintiff's truck with the Made-Rite Bakery truck, but, as plaintiff's counsel assert, this is not a finding essential to plaintiff's case, for if defendants negligently crowded plaintiff off the road and this negligence caused the damage, defendants would be liable to plaintiff whether or not there was actual contact. Whether there was a fifth vehicle involved, which was passed by defendant after he passed plaintiff, is vitally important and there is rather strong evidence both ways. In fact, there is rather strong evidence to support each version of the occurrence.

According to the plaintiff's evidence he should recover; according to defendants' evidence there is no liability.

As the burden of proof is cast upon the plaintiff, and I am not satisfied by the greater weight of the evidence that the defendants were guilty of any act of negligence, the issue of negligence must be answered in the negative.

Judgment accordingly will enter.